

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 29, 1963

Honorable R. A. Benson
Savings & Loan Commissioner
1010 Lavaca Street
Austin 1, Texas

Opinion No. C-130

Re: Scope and extent of the
rule making authority of
the Savings and Loan Com-
missioner under Articles
342-205 and 852a, Vernon's
Civil Statutes, and relat-
ed question.

Dear Mr. Benson:

You have requested the opinion of this office as to
the proper interpretation of the scope and extent of the
rule-making power, if any, of the Savings and Loan Commis-
sioner, under the applicable statutes, and particularly the
Texas Savings and Loan Act (Acts 58th Legislature, Regular
Session, 1963, Chapter 113, page 269) codified as Article
852a, Vernon's Civil Statutes. The Savings and Loan Act be-
comes effective on January 1, 1964.

The office of Savings and Loan Commissioner is es-
tablished by Article 342-205, Vernon's Civil Statutes. Sub-
section (d) thereof, the source of any rule-making power
that the Commissioner may have, is quoted, together with sub-
sections (e) and (g):

"(d)    Upon the appointment and qualifi-
cation of a Savings and Loan Commissioner
under this Act such Savings and Loan Commis-
sioner shall in person or by and through the
Deputy Savings and Loan Commissioner, Savings
and Loan Examiners, or other officers of the
Savings and Loan Department, supervise and
regulate, in accordance with the rules and
regulations promulgated by the Savings and
Loan Commissioner together with the Building
and Loan Section of the Finance Commission,
all savings and loan associations doing busi-
ness in this State (except Federal Savings

-646-

and Loan Associations organized and existing under Federal Law), and he shall have and perform all of the duties and shall exercise all of the powers theretofore imposed upon the Banking Commissioner and upon the Building and Loan Supervisor under and by virtue of the laws of this State with reference to savings and loan associations, and the Banking Commissioner shall be relieved of all responsibility and authority relating to the granting of charters and the regulation and supervision of such associations." (Emphasis supplied).

"(e) The rule-making power of the Savings and Loan Commissioner and the Building and Loan Section of the Finance Commission shall not be exercised unless notice of the terms or substance of the proposed rule or regulation or amendment to existing rules or regulations has been given to all associations subject to regulation hereunder by certified mail, and, if within twenty (20) days after issuance if such notice, as many as five (5) associations request a hearing on such proposal, a public hearing shall be called by the Savings and Loan Commissioner at which any interested party may present evidence or argument relating to such proposal. After consideration of any relevant matter available from the files and records of the Banking Department or presented at any such hearing, any rule, regulation or amendment approved and adopted pursuant to such hearing shall be promulgated in written form and the effective date thereof fixed by the order of adoption and promulgation."

"(g) The Savings and Loan Commissioner may call special meetings of the Building and Loan Section of the Finance Commission, and he shall preside at all meetings of the Building and Loan Section of the Finance Commission, but he shall not vote except in the case of a tie or when his vote is necessary for effective action; provided, however, that the Banking Commissioner shall preside at all meetings of the entire Finance Commission except as otherwise provided by law." (Emphasis supplied).

A careful examination of the quoted provisions reveals that the Savings and Loan Commissioner, acting alone, is granted no rule-making authority. Rules for the conduct of the savings and loan industry are to be promulgated by "the Savings and Loan Commissioner together with the Building and Loan Section of the Finance Commission." Subsection (g) delineates the relationship between the Commissioner and the Building and Loan Section in meetings of the Section, at which proposed rules and other matters must be voted upon. The Commissioner is to preside but is given a vote only in the case of a tie "or when his vote is necessary for effective action." Inasmuch as the Building and Loan Section consists of the three Building and Loan members of the Finance Commission (Art. 342-103, V.C.S.), there should rarely be a tie vote. Further, it is the opinion of this office that the phrase "when his vote is necessary for effective action" refers to the occasions when the Commissioner's presence and vote is necessary to constitute a quorum of the Building and Loan Section, for the statute makes clear that the Commissioner is to be considered an ex-officio member of the Section, inasmuch as he is given a vote in certain circumstances, and his presence is necessary at all meetings of the Section.

From the foregoing, it can be seen that Article 342-205 gives no rule-making power to the Commissioner, except insofar as he may at times participate in the voting held by the Building and Loan Section upon such matters.

Article 342-114, Vernon's Civil Statutes, which remains in force under the new Texas Savings and Loan Act, reads in part as follows:

"The Building and Loan Section, through resolution adopted by not less than two affirmative votes, may promulgate general rules and regulations not inconsistent with the Constitution and Statutes of this State, and from time to time amend the same, which rules and regulations shall be applicable alike to all State associations. . ."

In Southwestern Savings and Loan Association of Houston vs. Falkner,      Tex.     , 331 S.W.2d 917 (1960), the Texas Supreme Court made the following statement, at pages 919-920:

"On January 29, 1958, the Building and Loan Section of the Finance Commission of Texas, acting pursuant to authority contained in Art. 342-114, Vernon's Ann.Tex.St., and

respondent Commissioner promulgated certain
Rules and Regulations governing the granting
of charters to building and loan associations
and the establishment of branch offices." (Emphasis supplied).

Article 881a, Vernon's Civil Statutes, which was the center
of controversy in the above case,; has been repealed by Article 852a, Vernon's Civil Statutes, the Texas Savings and Loan
Act. However, for our purposes the case is valid, inasmuch
as neither the new Act nor Article 342-205 makes any addition
to the rule-making power of the Commissioner. From the quoted
portion of the Southwestern Savings case, supra, it is clear
that the Supreme Court viewed the rule-making power as stemming from Article 342-114. The only effect of the two subsequent statutes (Articles 342-205 and 852a) is to add the Savings and Loan Commissioner as an ex-officio member of the
Building and Loan Section of the Finance Commission. Any rules
promulgated would thus be the joint action of the Section and
the Commissioner, which accounts for the phraseology contained
in many sections of the new Texas Savings and Loan Act.

Article 342-205, in subsections (d) and (e) thereof,
does not grant a rule-making power to either the Savings and
Loan Commissioner or the Building and Loan Section, or the two
acting together. References to rule-making power contained in
those subsections are references only and not grants of power.
Therefore, any rule-making authority that may be exercised under
Article 342-205 in relation to the Texas Savings and Loan Act
would be invalid. The only statute that grants the rule-making
power with regard to the savings and loan industry is Article
342-114. The rule-making power vested therein is general in
nature and it is required that the Building and Loan Section
" . . . promulgate general rules and regulations not inconsistent with the Constitution and Statutes of this State, . . ."

In addition to the above general review of the scope and
extent of the Commissioner's role in rule-making for the savings
and loan industry, you also ask the following specific question:

" . . . Can the Building and Loan Section
promulgate rules and regulations concerning
additional offices, agencies and change of
office location as has been done prior to January 1, 1964, even though there is no specific
authorization for the implementation by rule
and regulation of the establishment of additional offices, agencies, or change of locations authorized under Section 2.13 of the New
Act. /Art. 852a, V.C.S./."

By Section 2.13 of the Texas Savings and Loan Act, the Commissioner is vested with the responsibility for decision in the above matters, but the Act is silent as to the responsibility for the promulgation of specific rules and regulations. Since these rules and regulations are necessary to establish further criteria for the guidance of the Commissioner and the industry, and we have already established that the Commissioner has no rule-making power in himself, we must turn to Article 342-114. That Act, with its general grant of rule-making power to the Building and Loan Section, must control here, by the simple process of elimination. The Savings and Loan Commissioner participates in the rule-making process, of course, in the manner previously outlined, but the promulgation of rules and regulations for the conduct of the savings and loan industry is a function which the Legislature has delegated to the Building and Loan Section of the Finance Commission.

## SUMMARY

The Texas Savings and Loan Act (Art. 852a, V.C.S.), which goes into effect on January 1, 1964, does not by its terms grant any rule-making authority to the Savings and Loan Commissioner. His participation in the rule-making process for the savings and loan industry is only by virtue of his ex-officio membership in the Building and Loan Section of the Finance Commission, and by Art. 342-114, V.C.S., the said section has sole rule-making authority in this area.

Art. 342-205, V.C.S., contains no grant of rule-making power to either the Savings and Loan Commissioner or the Building and Loan Section. Such general power stems from Art. 342-114, V.C.S., and can only be exercised in a manner consonant with the Constitution and existing statutes.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick

Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Milton Richardson
John Reeves
Dudley McCalla
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone